Vigen **AVETISIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74201.
Agency No. A79–811–487.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nicholas W. Marchi, Esq., Carney & Marchi, P.S., Seattle, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration And Naturalization Service, Office of the District Counsel, Seattle, WA, Ernesto H, Molina, Jr., Anthony C. Payne, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Vigen Avetisian, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

The government correctly argues that Avetisian waived his right to appeal the agency's adverse credibility determination by failing to raise the issue in his opening brief.

Avetisian attributes his faulty memory to the head injury allegedly inflicted by police but provided no supporting documentation at the removal hearing or on appeal to the BIA, only assertions of counsel. Avetisian contends that the IJ's failure to continue the proceedings to allow for a medical examination violated his right to a fair hearing. Avetisian's prior

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

counsel did not move for a continuance, however, stating: "I don't think anything will change if we ... send him to a doctor, if we postpone this or if we do anything else." Given counsel's position at the time and the absence of subsequently proffered medical evidence, we find no due process violation. *See Baires v. INS,* 856 F.2d 89, 93 (9th Cir.1988) (requiring a showing of prejudice caused by the IJ's denial of a continuance).

■■■ By failing to qualify for asylum, Avetisian necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Avetisian is also not entitled to CAT relief because he did not demonstrate that it is more likely than not that he would be tortured if returned to Armenia. *See* 8 C.F.R. § 1208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

PETITION FOR REVIEW DENIED.